IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HEALTHSOUTH REHABILITATION HOSPITAL OF BEAUMONT, LLC and CMS REHAB OF W.F., L.P. d/b/a HEALTHSOUTH REHABILITATION HOSPITAL OF WICHITA FALLS, | § § § § § § | |
| Plaintiffs, | § | C.A. No. 3:16-cv-1331 |
| v. | § § | |
| CARE IMPROVEMENT PLUS OF TEXAS INSURANCE COMPANY, | § § § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Defendant Care Improvement Plus of Texas Insurance Company ("CIP"), for the purpose only of removing this cause to the United States District Court for the Northern District of Texas, Dallas Division, respectfully states:

1. **State Court Action.** This is an action originally filed by Plaintiff on March 31, 2015 in the 193rd District Court of Dallas County, Texas, being numbered DC-1603737 on the docket of said court, and being a suit by Plaintiffs for additional payments on claims for health services rendered to members of Medicare Advantage plans allegedly operated by CIP.

2. **Federal Officer Removal Jurisdiction.** This action is removable under 28 U.S.C. § 1442(a), 1446 and Fed. R. Civ. P. 81(c). Plaintiffs seek additional payments from CIP for Plaintiffs' services to enrollees in CIP's Medicare Advantage health plans.

To establish its claims, Plaintiffs must show (among other things) CIP failed to pay claims for services that were covered under each members Medicare Advantage health plan. CIP is a Medicare Advantage Organization and operates all of its health plans pursuant to its contracts with the Centers for Medicare and Medicaid Services ("CMS"). Exhibit A (Kaiser Decl., attaching CMS Contracts).[1] Federal law preempts all state laws (except licensing and insolvency, but including the statutes on which Plaintiff relies) with respect to claims and benefits determinations under Medicare Advantage plans.

### a. Federal Officer Jurisdiction

3. Removal is proper based on federal officer jurisdiction pursuant to 28 U.S.C. § 1442(a)(1), which permits removal of an action against "[a]ny officer of the United States or any agency thereof, or person acting under him, for any act under color of such office." 28 U.S.C. § 1442(a)(1); *see Watson v. Philip Morris Cos.*, 551 U.S. 142, 153-54 (2007); *Peterson v. Blue Cross/Blue Shield of Tex.*, 508 F.2d 55, 58 (5th Cir. 1975) (holding federal officer jurisdiction and removal were proper where persons administering a Medicare plan on behalf of the federal government were sued, noting that "[t]he purpose of the removal statute is to prevent federal officers or persons acting under their direction from being tried in state courts for acts done within the scope of their federal employment.").

4. With respect to 28 U.S.C. § 1442(a)(1), CIP is deemed to be sued for actions under the direction of a federal agency and/or federal officers where it is

---

[1] Exhibits A and B are submitted contemporaneously herewith and incorporated herein for purposes of removal. They are submitted for filing under seal and as attachments to a motion to seal due to the confidential nature of the contracts and personal health information therein, respectively.

administering the terms of a federal government contract or federal program under the direct and detailed supervision of a federal agency. *Beaumont Foot Specialists, Inc. v. United Healthcare of Texas, Inc.*, No. 1:15-CV-216, 2015 WL 9257026, at *3 (E.D. Tex. Dec. 14, 2015) (denying a contracted healthcare provider's motion to remand and upholding federal jurisdiction under § 1442 where underlying claims for benefits were for services to members of Medicare Advantage health plans); *see Reg'l Med. Transp. Inc. v. Highmark*, 541 F. Supp. 2d 718, 724 (E.D. Pa. 2008) ("Numerous federal courts have determined that Medicare Part B carriers contracting with the United States Department of Health and Human Services operate under the direction of a federal officer,") citing *Peterson v. Blue Cross/Blue Shield of Tex.*, 508 F.2d 55, 58 (5th Cir. 1975)); *see also Jacks v. Meridian Res. Co., LLC*, 701 F.3d 1224, 1234 (8th Cir. 2012) (removal authorized in similar context because "FEHBA program carriers contracting with the federal government to provide health care insurance for federal employees are not unrelated and wholly separate business entities merely doing business in a highly regulated arena, but rather conduct business under the delegation of the federal government.").

5. Government contractors may remove a case pursuant to the federal officer removal statute where "the acts for which they are being sued . . . occurred because of what they were asked to do by the Government," even if the acts were not "specifically contemplated by the government contract." *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 137, 138 (2d Cir. 2008). The processing and payment of Medicare Advantage health benefits are specifically contemplated and required by CIP's CMS Contracts (Exhibit A).

6. For a defendant to remove a case based on federal officer jurisdiction requires: (1) the defendant to be a "person" within the meaning of the federal officer statute; (2) that it "acted pursuant to a federal officer's directions and that a causal nexus exists between [its] actions under color of federal office and the plaintiff's claims"; and (3) it to be able to assert a 'colorable federal defense.'" *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398, 400 (5th Cir. 1998).

7. CIP is a "person" under the federal officer statute and was acting within the scope of the authority delegated to it by CMS in connection with the payment of the claims for benefits under Medicare Advantage Plans in dispute. CIP has a colorable federal defense because the federal laws governing Medicare Advantage plans contain a broad preemption provision that expressly preempt Plaintiffs' challenges to coverage and benefits determinations under the patients' Medicare Advantage plans.

### b. CIP is a "Person" under the Federal Officer Statute

8. Corporate entities like CIP are "persons" for purposes of federal officer jurisdiction. *Winters*, 149 F.3d at 398 ("We have previously held that corporate entities qualify as 'persons' under § 1442(a)(1).").

### c. CIP Acted Pursuant to a Federal Agency's Directions and There is a Causal Nexus Between CIP's Alleged Actions Under Color of Federal Office and Plaintiff's Prompt Pay Claims.

9. Through its role helping CMS administer the Medicare Advantage program, CIP was helping the federal government fulfill an important government task and therefore was "acting under" CMS in administering Medicare Advantage plans, including the processing and adjudication of claims for benefits that Plaintiffs challenge

here. *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 153 (2007) ("And it asks why, if close supervision is sufficient to turn a private contractor into a private firm 'acting under' a Government 'agency' or 'officer, does it not do the same when a company is subjected to intense regulation. The answer to this question lies in the fact that the private contractor in such cases is helping the Government to produce an item that it needs. *The assistance that private contractors provide federal officers goes beyond simple compliance with the law and helps officers fulfill other basic governmental tasks*.") (emphasis added). (Exhibit A.)

10. The Fifth Circuit expressly recognizes federal officer jurisdiction in instances where private persons and insurance carriers administer the Medicare program on the behalf of the federal government noting that "[t]he federal officer removal statute is not 'narrow' or 'limited[]'", and concluding that "the defendants in the instant actions [including Medicare fiscal intermediary Blue Cross/Blue Shield of Texas] were persons acting within the purview of 1442(a)(1) and that the suits were properly removed." *Peterson*, 508 F.2d at 58.

11. Here, CIP administered a basic governmental task – providing healthcare benefits for Medicare beneficiaries – that absent the contract between CIP and CMS, the federal agency would be tasked to perform itself. Simply put, CIP assists CMS in carrying out its statutory obligations to provide Medicare benefits to beneficiaries of the federal program. (Exhibit A.)

12. Furthermore, "a causal nexus exists between [CIP's] actions under color of federal office and the plaintiff's claims" because Plaintiff's claims arise from the payment

of Medicare Advantage benefits by CIP. *See Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998). A Medicare Advantage organization like CIP is "acting under" an agency of the United States, namely CMS, when adjudicating claims under a Medicare Advantage health plan. *See Beaumont Foot Specialists, Inc.,* 2015 WL 9257026, at *3. In particular, Plaintiffs challenge adverse benefits determinations, i.e. denials of coverage, under the terms of the patients' plan, explicitly purporting to sue as assignees of the patients' health plan coverage. Pet. ¶ 51, ¶ 53.[2] Further, Plaintiffs challenge multiple coverage decisions under the terms of the patients' Medicare Advantage health plans based on medical necessity. *See id.*; *see also* Exhibit B (Crowl Declaration and attachments, identifying three claims in dispute and related claim and appeal records, of which at least two were adverse benefits determinations based on the medical necessity requirements of the patients' underlying Medicare Advantage health plans). In sum, Plaintiffs' claims allegedly arise directly from the alleged denial of claims for benefits under Medicare Advantage plans, which are subject to CIP's CMS contracts and Medicare Advantage plan terms, and those claims are the basis for Plaintiff's attempt to recover additional benefits in this case. (Exhibit A (all of CIP's plans are Medicare Advantage plans), Exhibit B (identifying and providing copies of underlying Medicare Advantage plans and adverse benefits determinations, including referral of certain appeal determinations to CMS's mandatory IRO pursuant to CMS

---

[2] Indeed, Plaintiffs' provider contract with CIP makes clear that it applies only where the patients' underlying plan covers the services rendered to the plan member. Agreement § 1.7, § 1.16 (defining Covered Services as "those healthcare services and supplies which a Member is entitled to receive **under a Health Benefit Plan...**"). Accordingly, while the provider contract sets the negotiated rate of payment, the right to any benefits is governed by the underlying Medicare Advantage plan.

rules). CIP's CMS contracts require CIP to pay such health care claims and CIP made the payments at issue pursuant to the requirements of CIP's contracts with those federal agencies. *Takacs v. Am. Eurocopter, L.L.C.*, 656 F. Supp. 2d 640, 645 (W.D. Tex. 2009) ("Vertex's contract with CBP directed that Vertex be responsible for maintenance of all CBP aircraft. As such, Vertex has established that the subject of Plaintiff and Intervenor Smith's claims arises from the acts for which Vertex and CBP entered into a government contract. Thus, the Court finds that Vertex has established a causal connection between the instant claims and the acts that Vertex performed under color of federal office."). A causal nexus therefore exists between CIP's administration of claims under the Medicare Advantage program taken under the color of federal office and Plaintiffs' causes of action seeking to challenge Medicare benefit determinations under those plans. *Takacs*, 656 F. Supp. 2d at 645 (holding a causal nexus exists when a party seeking removal under federal officer jurisdiction "demonstrate[s] that the acts for which they are being sued ... occurred *because of* what they were asked to do by the Government.") (emphasis in original); s*ee Beaumont Foot Specialists, Inc.,* 2015 WL 9257026, at *3 (upholding federal officer removal jurisdiction arising from claims adjudicated under a Medicare Advantage plan).

### d.  CIP has a Colorable Federal Defense:  Federal Preemption

13. CIP also has a "colorable federal defense." *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 400 (5th Cir. 1998). At this early stage of the case, CIP is not required to prove its defense; instead, CIP "need only articulate its 'colorable' applicability to the plaintiff's claims." *McGee v. Arkel Intern., LLC*, 716 F. Supp. 2d 572,

577-78 (S.D. Tex. 2009); *Winters*, 149 F.3d at 400 ("One of the primary purposes of the removal statute—as its history clearly demonstrates—was to have such defenses litigated in the federal courts.... *The officer need not win his case before he can have it removed.*" (emphasis in original) (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969))).

14. Here, Plaintiffs challenge benefits determinations made on claims under their patients' Medicare Advantage health plans. See Exhibit B. federal law governing the Medicare Advantage program preempts Plaintiffs' causes of action arising from adjudication of claims for Medicare Advantage benefits at issue in this case.

15. The Medicare Advantage preemption provision states:

> The ***standards established under this part shall supersede any State law or regulation*** (other than State licensing laws or State laws relating to plan solvency) with respect to MA plans which are offered by MA organizations under this part. 42 U.S.C. § 1395w-26(b)(3) (2003) (emphasis added).

SSA, § 1856(b)(3) (emphasis added), codified at 42 U.S.C § 1395w-26(b)(3) ("Establishment of Standards"); 42 C.F.R. § 422.402. This provision expressly preempts Plaintiffs' challenges to Medicare Advantage benefits determinations under state law because the state theories on which Plaintiffs rely are not licensing or insolvency laws. *See id.*; *see also Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.*, 662 F.3d 376, 386 (5th Cir. 2011), opinion reinstated in part on reh'g, 698 F.3d 229 (5th Cir. 2012) (provider's quantum meruit claim challenging a claim denial was completely preempted by ERISA); Lone Star OB/GYN Assocs. v. Aetna Health Inc., 579 F.3d 525, 531 (5th Cir. 2009) ("[A]ny determination of benefits under the terms of a plan—*i.e.*, what is 'medically necessary' or a 'Covered Service'—[ ] fall[s] within ERISA.").

16. The foregoing easily satisfies the low threshold for asserting a colorable federal defense to Plaintiff's claims because federal law governing Medicare Advantage plans preempts the statute upon which Plaintiff relies as a matter of law.

### e. Original Jurisdiction Under the Federal Officer Removal Statute.

17. Accordingly, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1442(a)(1) because CIP is being sued for actions delegated to it by CMS and that were taken in connection with paying Medicare Advantage benefits.

18. **Removal is Timely.** Removal is also timely under 28 U.S.C. § 1446(b), as CIP removed this case within thirty (30) days of being served with process on September 26, 2014.

19. **State Court Documents.** Pursuant to Local Rule 81, an Index of State Court Documents is attached hereto as Exhibit C,[3] which includes a copy of the state court docket sheet, all executed process, and each document filed and the orders entered in the state court action. A List of Parties, Counsel, and State Court Information is set forth in the Supplemental Civil Cover Sheet attached hereto.

20. **Notice of Filing of Removal.** Pursuant to 28 U.S.C. 1446(d) and contemporaneously with the filing of this Notice of Removal, CCP is serving on Plaintiff and has filed a notice, together with a copy of this Notice of Removal with the clerk of the state court.

21. **Prayer.** Defendant prays that the United States District Court for the Northern District of Texas, Dallas Division, accept this Notice of Removal, that it assume

---

[3] The provider contract exhibit is submitted for filing under seal along with Exhibits A and B.

jurisdiction of this cause, and that it issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

Dated: May 13, 2016                           Respectfully submitted,


                                              By: /s/ Raymond E. Walker
                                                   Andrew G. Jubinsky
                                                   Texas Bar No. 11043000
                                                   andy.jubinsky@figdav.com
                                                   Raymond E. Walker
                                                   Texas Bar No. 24037663
                                                   ray.walker@figdav.com

                                              **FIGARI + DAVENPORT, LLP**
                                              901 Main Street, Suite 3400
                                              Dallas, Texas 75202
                                              Telephone: (214) 939-2000
                                              Facsimile: (214) 939-2090

                                              ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

  This is to certify that a true and correct copy of the foregoing document has been served via certified mail, return receipt requested on the parties listed below on May 13, 2016.

K. Mark Vincent
mvincent@vinlaw.com
Scott E. Hayes
shays@vinlaw.com
Susan Oliver Simpson
ssimpson@vinlaw.com
Vincent Serafino Geary
  Waddell Jenevein, P.C.
1601 Elm Street, Suite 4100
Dallas, Texas 75201-3073

            /s/ Raymond E. Walker
            Raymond E. Walker