IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HEALTHSOUTH REHABILITATION HOSPITAL OF BEAUMONT, LLC and CMS REHAB OF W.F., L.P. d/b/a HEALTHSOUTH REHABILITATION HOSPITAL OF WICHITA FALLS, | § § § § § § | |
| Plaintiffs, | § § | C.A. No. ___3:16-cv-1331_____ |
| v. | § § | |
| CARE IMPROVEMENT PLUS OF TEXAS INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

## INDEX OF STATE COURT DOCUMENTS

Defendant submits the index of state court documents as follows:

| **Document** | **Date Filed** |
|---|---|
| 1.   Docket Sheet | |
| 2.   Plaintiff's Original Petition | 03/31/2016 |
| 3.   Service of Process Transmittal with Petition and Citation as served on Defendant | 04/13/2016 |
| 4.   Notice of Dismissal Hearing | 04/19/2016 |
| 5.   Rule 11 Agreement | 05/09/2016 |
| 6.   Defendant's Original Answer | 05/13/2016 |

Dated: May 13, 2016                    Respectfully submitted,


By:  /s/ Raymond E. Walker
          Andrew G. Jubinsky
          Texas Bar No. 11043000
          andy.jubinsky@figdav.com
          Raymond E. Walker
          Texas Bar No. 24037663
          ray.walker@figdav.com

          FIGARI + DAVENPORT, LLP
          901 Main Street, Suite 3400
          Dallas, Texas  75202
          Telephone: (214) 939-2000
          Facsimile: (214) 939-2090

          ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing document has been
served on the parties listed below on May 13, 2016.

K. Mark Vincent
mvincent@vinlaw.com
Scott E. Hayes
shays@vinlaw.com
Susan Oliver Simpson
ssimpson@vinlaw.com
Vincent Serafino Geary Waddell Jenevein, P.C.
1601 Elm Street, Suite 4100
Dallas, Texas 75201-3073


          /s/ Raymond E. Walker
          Raymond E. Walker

## Exhibit 1

# DC-16-03737 - HEALTHSOUTH REHABILITATION HOSPITAL OF BEAUMONT LLC, et al vs. CARE IMPORVEMENT PLUS OF TEXAS INSURANCE COMPANY

Case Number: DC-16-03737                    Court: 193rd District Court
File Date: 03/31/2016                       Case Type: CNTR CNSMR COM DEBT
Case Status: OPEN

PLAINTIFF : HEALTHSOUTH REHABILITATION HOSPITAL OF BEAUMONT LLC
Address:
  c/o K. Mark Vincent
  1601 Elm Street, Suite 4100
  Dallas TX 75201

**Active Attorneys**
  Lead Attorney:
    **VINCENT, KEVIN MARK**
    Retained
    Work Phone: 214-979-7431
    Fax Phone: 214-979-7402

PLAINTIFF : CMS REHAB OF W F LP
  Aliases:
  *DBA* HEALTHSOUTH REHABILITATION HOSPITAL OF WICHITA FALLS
Address:
  c/o K. Mark Vincent
  1601 Elm Street, Suite 4100
  Dallas TX 75201

**Active Attorneys**
  Lead Attorney:
    **VINCENT, KEVIN MARK**
    Retained
    Work Phone: 214-979-7431
    Fax Phone: 214-979-7402

DEFENDANT : CARE IMPORVEMENT PLUS OF TEXAS INSURANCE COMPANY
Address:
  BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM
  1999 BRYAN STREET SUITE 900
  DALLAS TX 75201

**Active Attorneys**
  Lead Attorney:
    **JUBINSKY, ANDREW GEORGE**
    Retained
    Work Phone: 214-939-2000
    Fax Phone: 214-939-2090

  Attorney: WALKER, RAYMOND
  Retained
  Work Phone: 214-939-2000
  Fax Phone: 214-939-2090

03/31/2016 NEW CASE FILED (OCA) - CIVIL
03/31/2016 ORIGINAL PETITION
  POP.pdf
  Comment: Plaintiff's Original Petition
03/31/2016 ISSUE CITATION
04/06/2016 CITATION ISSUED
  DC163737 CIT.pdf
04/06/2016 CITATION
  Anticipated Server: ESERVE                    Anticipated Method:
  Actual Server: PRIVATE PROCESS SERVER         Returned: 04/14/2016
04/14/2016 RETURN OF SERVICE
  CARE IMPORVEMENT PLUS OF TEXAS INSURANCE COMPANY -
  Comment: CARE IMPROVEMENT PLUS OF TEXAS INSURANCE COMPANY RETURN OF SERVICE
05/09/2016 RULE 11
  Rule 11 Agreement.pdf

Comment: AGREEMENT TO EXTEND THE DEADLINE

## 07/14/2016 DISMISSAL FOR WANT OF PROSECUTION

193RD Initial Dismissal Notice
Judicial Officer: GINSBERG, CARL
Hearing Time: 1:30 PM

HEALTHSOUTH REHABILITATION HOSPITAL OF BEAUMONT LLC

| | Total Financial Assessment | | | $295.00 |
| | Total Payments and Credits | | | $295.00 |

| 3/31/2016 | Transaction Assessment | | | $295.00 |
| 3/31/2016 | CREDIT CARD - TEXFILE (DC) | Receipt # 20425-2016-DCLK | HEALTHSOUTH REHABILITATION HOSPITAL OF BEAUMONT LLC | ($295.00) |



POP.pdf
DC163737 CIT.pdf
CARE IMPORVEMENT PLUS OF TEXAS INSURANCE COMPANY -
193RD Initial Dismissal Notice
Rule 11 Agreement.pdf

FILED
DALLAS COUNTY
3/31/2016 1:32:30 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

**Exhibit 2**

CAUSE NO. <u>DC-16-03737</u>

| | |
|---|---|
| **HEALTHSOUTH REHABILITATION HOSPITAL OF BEAUMONT, LLC AND CMS REHAB OF W.F., L.P. D/B/A HEALTHSOUTH REHABILITATION HOSPITAL OF WICHITA FALLS,** | **IN THE DISTRICT COURT** |
| *Plaintiffs,* | _____ **JUDICIAL DISTRICT** |
| **v.** | |
| **CARE IMPROVEMENT PLUS OF TEXAS INSURANCE COMPANY,** | |
| *Defendant.* | **DALLAS COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION

COMES NOW Plaintiffs, HealthSouth Rehabilitation Hospital of Beaumont, LLC and CMS Rehab of W.F., L.P. d/b/a HealthSouth Rehabilitation Hospital of Wichita Falls, both Texas entities (hereinafter referred to collectively as "HealthSouth" or "Plaintiffs"), and files its Original Petition complaining of Defendant, Care Improvement Plus of Texas Insurance Company ("hereinafter referred to herein as "Defendant" or Care Improvement"), and in support of its legal and equitable claims for affirmative relief, would respectfully show unto the the Court the following:

## I.
## CLAIMS FOR RELIEF

1.     In accordance with TEX. R. CIV. P. 47, Plaintiff seeks monetary relief over $100,000.00, but not more than $200,000.00.

## II.
## DISCOVERY CONTROL PLAN
## PARTIES AND PROCESS

2.      Plaintiffs intend to conduct discovery under Level 2 pursuant to TEX. R. CIV. P. 190.3

as the matter is not governed by the expedited action process set forth in TEX. R. CIV. P. 169 given

the monetary value requested.

3.      This is an action for damages at law and for equitable relief that is within the

jurisdiction of this Court, exclusive of court costs, pre-judgment interest, and reasonable attorney's

fees.

4.      Plaintiff HealthSouth Rehabilitation Hospital of Beaumont, LLC ("HealthSouth

Rehabilitation Hospital of Beaumont") is a foreign limited liability company licensed and registered to

conduct business in Texas and licensed under the laws of Texas to operate hospitals in Texas.

HealthSouth Rehabilitation Hospital of Beaumont's principal place of business is 3340 Plaza 10

Drive, Beaumont, TX 77707.

5.      Plaintiff CMS Rehab of W.F., L.P. d/b/a HealthSouth Rehabilitation Hospital of

Wichita Falls ("HealthSouth Rehabilitation Hospital of Wichita Falls") is a foreign limited partnership

licensed and registered to conduct business in Texas and licensed under the laws of Texas to operate

hospitals in Texas.  HealthSouth Rehabilitation Hospital of Wichita Falls' principal place of business is

3901 Armory Road Wichita Falls, Texas 76302.

6.      The Defendant is and was, at all times material to this action, a Texas corporation

licensed and registered to conduct business in Texas that administers healthcare plans and policies to

its subscribers and issues payment of healthcare contract benefits to hospitals and medical providers

on behalf of its subscribers by and through its administration, control, management, ownership and

operation of Health Plans.  The Defendant may be served through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## III.
## JURISDICTION AND VENUE

7.      All services rendered in this action were rendered at 3340 Plaza 10 Drive, Beaumont, TX 77707 and 3901 Armory Road Wichita Falls, Texas 76302.

8.      Jurisdiction is proper, because the amount in controversy exceeds the jurisdictional minimum of this Court.  Venue is proper in Dallas County because Defendants reside and/or conduct business in Dallas County, Texas.

9.      Plaintiffs have fully performed all of its duties and obligations under the written agreements between the parties.  All conditions precedent to the institution of this suit and Plaintiffs' recovery have been performed, satisfied or have occurred.

## IV.
## BACKGROUND FACTS

10.     The Defendant provides comprehensive healthcare services to enrolled subscribers who either remit regular premium payments to the Defendant or are provided coverage through their employer or Medicare.

11.     The Defendant provides, either directly or through arrangements with its network of contracted health care facilities and providers, comprehensive prepaid health care services to subscribers enrolled in its Health Plan, who in exchange for such prepaid healthcare coverage, either remit regular premium payments to the Defendant or have such premium payments issued payable on their behalf through government financed and sponsored healthcare plans and policies (referred to as "Medicare Advantage Plans").

12.     Pursuant to written agreements entered into between the parties, the Plaintiffs agreed

to furnish medical services to subscribers enrolled in the managed care company owned and operated by the Defendant, in exchange for certain and defined per capita and/or aggregate fixed sums based on the contractual payment provisions contained in these written agreements.

13.     The Defendant issued such per capita and/or aggregated fixed sums payable to the Plaintiffs as compensation for the hospital and medical charges incurred by the Defendant's subscribers who received hospital and medical care and treatment from the Plaintiffs. A copy of the written agreement that contains contractual payment provisions are attached hereto and made a part hereof as Plaintiffs' composite Exhibit "A".

14.     The Defendant issues payment to healthcare providers and facilities, such as the Plaintiffs, and that class of hospitals and medical providers to which the Plaintiffs belongs, that provide medically necessary and appropriate inpatient care and rehabilitation services and supplies to the subscribers covered by the Defendant's health plan and/or Medicare Advantage Plan.

15.     Pursuant to the foregoing, the Defendant has expressly obligated itself to provide directly or through arrangements with other entities, including healthcare providers and facilities, healthcare coverage to the subscribers covered by the Defendant's health plan.

16.     The Defendant has also assumed an obligation and responsibility to make healthcare benefits payable to hospitals and other medical providers, including the Plaintiffs, and that class of hospitals and medical providers to which the Plaintiffs belong, that provide and render medically necessary and appropriate surgical services and supplies to its enrolled subscribers.

17.     From April 2010 through March of 2012, subscribers enrolled with the Defendant presented themselves to the Plaintiffs with medical conditions that necessitated and required the Plaintiffs to provide hospital and medical care and treatment to such subscribers.

18.     Under the agreements and/or arrangements entered into with the subscribers enrolled

in the Defendant's healthcare plan, the Defendant agreed to cover the medical charges incurred by these subscribers during their enrollment as subscribers in the Defendant's healthcare plan during the effective period under which the Defendant contracted with them to provide these subscribers with comprehensive healthcare coverage (hereinafter referred to as the "effective coverage period").

19.     Copies of the healthcare coverage agreements entered into between the Defendant and its enrolled subscribers are not attached to this Complaint, as said agreement is in the possession of the Defendant and/or its enrolled subscribers and not the Plaintiffs, but the Plaintiffs will produce the agreements during the course of discovery in this action.

20.     Pursuant to the terms, conditions and payment provisions of the healthcare coverage agreements entered into between the Defendant and its enrolled subscribers, the Defendant agreed to provide *primary healthcare coverage* to its enrolled subscribers under which the Defendant assumed both the obligation and responsibility to issue healthcare benefits payable on behalf of its enrolled subscribers to hospitals and other medical providers that rendered medically necessary and appropriate inpatient care and rehabilitation (non-custodial) services and supplies to its enrolled subscribers during the effective coverage period of the healthcare coverage policy.

21.     By obligating and requiring the Defendant to issue healthcare benefits payable on behalf of its enrolled subscribers payable to hospitals and medical providers that rendered medically necessary and appropriate inpatient care and rehabilitation (non-custodial) services and supplied to its enrolled subscribers during the effective coverage period, the Defendant clearly expressed an intent to primarily and directly benefit the Plaintiff and that class of acute care facilities and other medical providers that rendered rehabilitative medical care to its enrolled subscribers during the effective coverage period of the healthcare coverage period.

22.     During the course of rendering care and treatment to the subscribers enrolled in the

Defendant's healthcare plan, the Plaintiffs, by and through their staff of medical professionals, provided reasonable, necessary and appropriate medical and rehabilitative services and supplies to these subscribers.

23.     These reasonable, necessary and appropriate hospital-based medical and rehabilitative services and supplies for these three subscribers were provided from April 2010 through March of 2012.

24.     At all times relevant thereto, the Plaintiffs provided necessary and appropriate hospital-based medical and rehabilitative care and treatment to subscribers enrolled in the Defendant's health plan with the knowledge, consent and authorization of the Defendant.

25.     As a result of providing appropriate and necessary hospital-based medical and surgical services and supplies to subscribers enrolled in the Defendant's healthcare plan, the Plaintiffs incurred substantial costs and expenses in providing such care as reflected in the Plaintiff's Composite Exhibit "B", five standardized UB-92/HCFA-1460 claim forms generated by the Plaintiffs and transmitted to the Defendant in the regular course of business, with the subscriber/patients names and personal information redacted for privacy purposes.

26.     The patients included in Plaintiffs' Composite Exhibit "B" are Texas residents and the sums listed reflects the total billed charges and usual, customary and reasonable ("UCR") charges that the Plaintiffs bill for services and supplies which the Plaintiffs provided to the subscribers enrolled in the Defendant's healthcare plan.  These sums do not reflect the contractual payment provisions contained in the written agreements entered into between the parties.  The Defendant is entitled to a contractual discount.

27.     The Plaintiffs establish, maintain and premise their billed charges in accordance with the prevailing charges that other medical practitioners in the Texas geographical area, who are

engaged in the same or similar medical specialty as the area of expertise practiced by the Plaintiffs and their staff professionals, charge for the same or similar medical and rehabilitative services and procedures offered and performed by the Plaintiffs.

28. In furtherance of obtaining reimbursement from the Defendant for the services and supplies that the Plaintiffs provided to these four subscribers, the Plaintiffs duly and timely transmitted each UB-92/HCFA-1460 form in Exhibit "B" to the Defendant in a timely and orderly manner.

29. The Plaintiffs electronically submitted, in the regular course of business, standardized UB-92/HCFA-1460 claim forms describing the services rendered and the amounts due thereupon on furtherance of securing payment from the Defendant.

30. The Plaintiffs fully cooperated and furnished any and all information, including the submission of a standardized UB-92/HCFA-1460 claim form, and when requested by the Defendant, medical charts, notes and records, and fully complied with all procedures and requests in furtherance of obtaining payment from the Defendant for the charges that these subscribers incurred during their treatment at the Plaintiffs' facilities from April of 2010 through March of 2012.

31. The Defendant initially issued full and complete payment on these itemized claim forms but clawed back their payments several years after they were remitted to the Plaintiffs. Thus the Defendant has arbitrarily and unjustifiably refused to compensate the Plaintiffs for the charges that its enrolled subscribers incurred during their courses of treatment at the Plaintiffs' facilities from April of 2010 through March of 2012.

32. In derogation of its contractual and statutory obligation to satisfy the charges incurred by these subscribers, the Defendant has arbitrarily and unjustifiably refused to compensate the Plaintiffs for the charges that these subscribers incurred during their courses of treatment at the Plaintiffs' facilities from April of 2010 through March of 2012.

33.     The Plaintiffs have exhausted all contractual remedies by repeatedly attempting to secure complete and proper payment from the Defendant for the charges that these subscribers incurred during their course of treatment at the Plaintiffs' facilities from April of 2010 through March of 2012.

34.     However, the Defendant continues arbitrarily and unjustifiably to refuse to issue complete and proper healthcare benefits payable on behalf of these subscribers arising under their healthcare plans that the Defendant issued to these subscribers prior to their admission dates from April 2010 through March of 2012.

35.     By contracting to provide comprehensive healthcare services to its subscribers in exchange for prepaid per capita or aggregate fixed sums paid by or on behalf of its enrolled subscribers, the Defendant expressly agreed to provide primary healthcare coverage to those enrolled subscribers who received medically necessary and appropriate inpatient care and rehabilitation services and supplies from medical providers such as the Plaintiffs.

36.     Pursuant to the terms of the healthcare coverage policy covering the subscribers who received medically necessary and appropriate inpatient care and rehabilitation services and supplies from the Plaintiffs, the Defendant expressly assumed the responsibility, as the primary payor for medical and rehabilitative expenses incurred by these subscribers.

37.     Based on the written agreements entered into between the parties and the contractual payment provisions contained therein, the Defendant remains responsible to pay certain and defined per capita and/or aggregate fixed sums to the Plaintiffs as compensation for the hospital and medical charges incurred by the Defendant's subscribers who required and received hospital and medical care and treatment from the Plaintiffs.

38.     The Plaintiffs referred the matter to their attorney who has contacted the Defendant

seeking the resolution of the parties' dispute and requesting that the Defendant issue payment to the Plaintiffs for the services and supplies the Plaintiffs provided to these providers in good faith and with the expectation of payment thereupon.

39.     As such, the Plaintiffs remain entitled to recover court costs expended and reasonable attorney's fees incurred during the prosecution of this action.

## V.
## CAUSES OF ACTION

### A.   COUNT I –BREACH OF WRITTEN CONTRACT

40.     The Plaintiffs re-allege paragraphs 1 through 39 as if fully set forth herein and further allege:

41.     Pursuant to the terms of the written agreements entered into between the parties and the contractual payment provisions contained therein, Defendant is obligated to pay certain and defined per capita and/or aggregate fixed sums to the Plaintiffs as compensation for the hospital and medical charges incurred by the Defendant's subscribers who required and received hospital and medical care and treatment from the Plaintiffs. A copy of the written contract entered into between the parties and the contractual payment provisions contained therein are attached hereto and made a part of the complaint as Plaintiffs' composite exhibit "A."

42.     The Plaintiffs, pursuant to state and federal law and the terms of the written agreements entered into between the parties, did render reasonable, necessary and appropriate medical care to subscribers enrolled as members of the Defendant's managed care company.

43.     The Plaintiffs have performed and/or satisfied all conditions precedent to be performed and/or satisfied by the Plaintiffs or such conditions precedent have occurred or been waived.

44.     The Defendant has materially breached the terms of the written agreements entered

into between the parties and the contractual payment provisions contained therein by failing to remit payment to the Plaintiffs for the hospital and medical services and supplies its subscribers rendered by the Plaintiffs and continues in its failure to remit payment for those amounts although the Plaintiffs have made demand upon the Defendant for the payment of these charges.

45.     The Plaintiffs have sustained damages because of Defendant's breach of the written agreements entered into between the parties and the contractual payment provisions contained in these written agreements.

46.     WHEREFORE, the Plaintiffs demand Judgment against the Defendant, Care Improvement Plus, a foreign corporation, for the principal sum of $116,452.83, court costs, pre-judgment interest, reasonable attorney's fees and such other relief as this Court deems proper and just.

**B.  COUNT II - QUANTUM MERUIT**

47.     The Plaintiffs re-allege paragraph 1 through 39 as if fully set forth herein and further allege:

48.     Commencing on or about April of 2010, the Defendant, with its knowledge and authorization, either expressly or impliedly directed its subscribers to the Plaintiffs to obtain and receive hospital and medical services and supplies.

49.     Beginning on April of 2010, the Plaintiffs did render reasonable, necessary and appropriate hospital and medical care and treatment to subscribers enrolled in the health plan owned and operated by the Defendant with either the express or implied knowledge and consent of the Defendant.

50.     Texas law prohibits the Plaintiffs from seeking recovery directly from those subscribers enrolled in the health plan owned and operated by the Defendant for the hospital and medical services

provided by the Plaintiffs.

51.     The Defendant entered into written contracts with the Plaintiffs that obligate the Defendant to pay for the hospital and medical services and supplies received by its subscribers. Therefore, an assignment of the benefits of the written contracts entered into between the Defendant and its subscribers arose in favor of the Plaintiffs.

52.     Despite receiving the benefit of having its subscribers receive hospital and medical services and supplies to its subscribers from the Plaintiffs and receiving the benefit from collecting and appropriating insurance premiums paid by or on behalf of its subscribers, the Defendant has failed to reimburse the Plaintiffs for the hospital and medical services and supplies its subscribers rendered by the Plaintiffs according to the contractual payment provisions contained in the written agreements entered into between the parties. Defendant had reasonable notice that Plaintiffs expected compensation for the services and supplies provided. The sums listed on Plaintiffs' composite Exhibit "B" reflect the certain and defined per capita and/or aggregate fixed sums payable to the Plaintiffs as compensation for the hospital and medical charges incurred by the Defendant's subscribers who received such hospital and medical care and treatment from the Plaintiffs.

53.     Because of its failure to reimburse the Plaintiffs for the hospital and medical services and supplies its subscribers received from the Plaintiffs, the Defendant has been unjustly enriched at the expense of the Plaintiffs.

54.     WHEREFORE, the Plaintiffs demand Judgment against the Defendant, Care Improvement Plus, a foreign corporation, for the principal sum of $116,452.83, court costs, pre-judgment interest, reasonable attorney's fees and such other relief as this Court deems proper and just.

## VI.
## REQUEST FOR ATTORNEY'S FEES

55.     Plaintiffs would further show that it has necessarily delivered said written contracts between the parties to the undersigned attorneys for collection and employed them to prosecute this case, for which Plaintiffs have agreed to pay reasonable attorney's fees, judgment for which Plaintiffs prays pursuant to the TEX. CIV. PRAC. & REM. CODE, Section 38.001 *et seq.* and the terms of the written agreements between the parties. Additionally, Plaintiffs request all attorney's fees involved in the appellate process, if same becomes necessary.

## VII.
## CONCLUSION AND PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that Defendant be cited to appear and answer herein as required by law and that upon final hearing thereof, Plaintiff have judgment of and from the Defendant as follows:

a.   for the principal sum of $116,452.83;

b.   for reasonable attorney's fees, at all levels of the legal process, together with post-judgment interest thereon at the highest rate per annum allowed by law;

c.   all pre-judgment and post-judgment interest at the highest rate per annum allowed by law;

d.   for all costs of Court herein; and

e.   for such other and further relief, both general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted by,

> **VINCENT SERAFINO GEARY**
> **WADDELL JENEVEIN, P.C.**
> 1601 Elm Street, Suite 4100
> Dallas, Texas 75201-3073
> Telephone: (214) 979-7400
> Telecopier: (214) 979-7402

By:  *_/s/ K. Mark Vincent_*
    _____
    K. MARK VINCENT
    State Bar No. 20585595
    mvincent@vinlaw.com
    SCOTT E. HAYES
    State Bar No. 09280050
    shayes@vinlaw.com
    SUSAN OLIVER SIMPSON
    State Bar No. 24047555
    ssimpson@vinlaw.com

    ATTORNEYS FOR PLAINTIFFS

# Hospital Participation Agreement

**This portion of Exhibit C submitted for filing under seal.**



CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED Healthsouth Rehabilitation Hospital of Beaumont, LLC et al v  Care Improvement Plus of Texas Insurance Company
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| **Name:**<br><br>K. Mark Vincent | **Email:**<br><br>mvincent@vilolaw.com | **Plaintiff(s)/Petitioner(s):**<br><br>See attached | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| **Address:**<br><br>1601 Elm Street, Suite 4100 | **Telephone:**<br><br>214.979.7400 | | Additional Parties in Child Support Case: |
| **City/State/Zip:**<br><br>Dallas, Texas 75201-7274 | **Fax:**<br><br>214.979.7402 | **Defendant(s)/Respondent(s):**<br><br>Care Improvement Plus of Texas | Custodial Parent:<br><br>Non-Custodial Parent: |
| **Signature:**<br><br>/s/ K. Mark Vincent | **State Bar No:**<br><br>20585595 | Insurance Company<br><br>_____<br>[Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| *Civil* | | | *Family Law* | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☒ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br>_____<br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract:<br>_____ | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional<br>   Liability:<br>_____<br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br>   List Product:<br>_____<br><br>☐ Other Injury or Damage:<br>_____ | ☐ Eminent Domain/<br>   Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br>_____ | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other |
| | | **Related to Criminal Matters** | **Other Family Law** | **Title IV-D** |
| | | ☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>   Pre-indictment<br>☐ Other: | ☐ Enforce Foreign<br>   Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>   of Minority<br>☐ Other:<br>_____ | ☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |
| | | | | **Parent-Child Relationship** |
| **Employment** | **Other Civil** | | | ☐ Adoption/Adoption with<br>   Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental<br>   Rights<br>☐ Other Parent-Child: |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment:<br>_____ | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>   Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other:<br>_____ | | |

| **Tax** | *Probate & Mental Health* | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought *(do not select if it is a family law case)*:**

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☒ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

HEALTHSOUTH REHABILITATION
HOSPITAL OF BEAUMONT, LLC AND CMS
REHAB OF W.F., L.P. D/B/A HEALTHSOUTH
REHABILITAION HESPITAL OF WICHITA FALLS,
      *Plaintiffs,*
v.

CARE IMPROVEMENT PLUS OF TEXAS
INSURANCE COMPANY,
      *Defendant*

**Exhibit 3**

# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

To:

**CARE IMPORVEMENT PLUS OF TEXAS INSURANCE COMPANY**
**BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX  75201**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty   days after you were served this citation and  petition, a default judgment may be
taken against you.  Your answer should be addressed to the clerk of the **193rd District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **HEALTHSOUTH REHABILITATION HOSPITAL OF BEAUMONT, LLC
AND CMS REHAB OF W.F., L.P. D/B/A HEALTHSOUTH REHABILITATION HOSPITAL OF
WICHITA FALLS**

Filed in said Court  **31st day of March, 2016** against

**CARE IMPORVEMENT PLUS OF TEXAS INSURANCE COMPANY**

For Suit, said suit being numbered **DC-16-03737,** the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition , a copy of which accompanies this
citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 6th day of April, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas

By_____, Deputy
/s/ Sacheen Anthony
SACHEEN ANTHONY

---

**ESERVE**

# CITATION

## DC-16-03737

**HEALTHSOUTH REHABILITATIO**
**HOSPITAL OF BEAUMONT LLC, (**
**al**
**vs.**
**CARE IMPORVEMENT PLUS OF**
**TEXAS INSURANCE COMPANY**

ISSUED THIS
**6th day of April, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  SACHEEN ANTHONY, Deputy

**Attorney for Plaintiff**
KEVIN MARK VINCENT
mvincent@vinlaw.com
1601 ELM STREET SUITE 4100
DALLAS TX  75201
214-979-7431



**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# **OFFICER'S RETURN**

Case No. :  DC-16-03737

Court No.193rd District Court

Style: HEALTHSOUTH REHABILITATION HOSPITAL OF BEAUMONT LLC, et al

 vs.

CARE IMPORVEMENT PLUS OF TEXAS INSURANCE COMPANY

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|   |   |   |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

FILED
DALLAS COUNTY
4/14/2016 8:52:01 AM
FELICIA PITRE
DISTRICT CLERK

Dianne Coffey

## AFFIDAVIT OF SERVICE

| | | |
|---|---|---|
| **State of Texas** | **County of Dallas** | **193rd District Court** |

Case Number: DC-16-03737

Plaintiff:
**Healthsouth Rehabilitation Hospital of Beaumont LLC and CMS Rehab Of W.F.
L.P. D/B/A Healthsouth Rehabilitation Hospital of Wichita Falls**

vs.

Defendant:
**Care Improvement Plus of Texas Insurance Company**

For:
Kevin Mark Vincent
Vincent Serafino Geary Waddell Jenevein, PC
1601 Elm Street, Suite 4100
Dallas, TX 75201

Received by CIA Process Service, LLC on the 12th day of April, 2016 at 4:49 pm to be served on **Care Improvement Plus of Texas Insurance Company**.

I, April J. Smith, being duly sworn, depose and say that on the **13th day of April, 2016** at **1:55 pm, I:**

delivered a true copy of the **Citation and Plaintiff's Original Petition** with the date of service endorsed thereon by me, to: **Terri Thongsavat** as **Authorized Agent of CT Corporation System, registered agent** for **Care Improvement Plus of Texas Insurance Company**, at the address of: **1999 Byran Street, Suite 900, Dallas, TX 75201**, and informed said person of the contents therein, in compliance with state statutes.

I am a private process server authorized by the Supreme Court of Texas. I am over the age of twenty-one, not a party to nor interested in the outcome of this lawsuit. I am capable of making this Affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein and the statements made in this Affidavit are true and correct.

BOISE B SMITH
My Commission Expires
December 10, 2016

County of Dallas

Subscribed and Sworn to before me on 14 day
of April, 2016 by the affiant who
is personally known to me.

_____
NOTARY PUBLIC

_____
April J. Smith
SCH2181 Exp:8/31/18

**CIA Process Service, LLC**
**P.O. Box 541897**
**Grand Prairie, TX 75054**
**(214) 641-9414**

Our Job Serial Number: APL-2016000464
Ref: Care Imp 001397-00001

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1c

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**CARE IMPORVEMENT PLUS OF TEXAS INSURANCE COMPANY**
**BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX  75201**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **193rd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **HEALTHSOUTH REHABILITATION HOSPITAL OF BEAUMONT, LLC AND CMS REHAB OF W.F., L.P. D/B/A HEALTHSOUTH REHABILITATION HOSPITAL OF WICHITA FALLS**

Filed in said Court  **31st day of March, 2016** against

**CARE IMPORVEMENT PLUS OF TEXAS INSURANCE COMPANY**

For Suit, said suit being numbered **DC-16-03737,** the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition , a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 6th day of April, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By ___/s/ Sacheen Anthony_____, Deputy
SACHEEN ANTHONY

---

**ESERVE**

# CITATION

## DC-16-03737

**HEALTHSOUTH REHABILITATIO**
**HOSPITAL OF BEAUMONT LLC,**
al
**vs.**
**CARE IMPORVEMENT OF**
**TEXAS INSURANCE COMPANY**

ISSUED THIS
6th day of April, 2016

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: SACHEEN ANTHONY, Deputy

---

**Attorney for Plaintiff**
KEVIN MARK VINCENT
mvincent@vinlaw.com
1601 ELM STREET SUITE 4100
DALLAS TX  75201
214-979-7431

# DALLAS COUNTY
# SERVICE FEES
# NOT PAID

# OFFICER'S RETURN

Case No. : DC-16-03737

Court No.193rd District Court

Style: HEALTHSOUTH REHABILITATION HOSPITAL OF BEAUMONT LLC, et al

vs.

CARE IMPORVEMENT PLUS OF TEXAS INSURANCE COMPANY

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____ Affidavit Attached _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

**Exhibit 4**



DC-16-03737

HEALTHSOUTH REHABILITATION HOSPITAL OF          IN THE DISTRICT COURT
BEAUMONT LLC, et al

                                                193RD JUDICIAL DISTRICT
vs.

                                                DALLAS COUNTY TEXAS

CARE IMPORVEMENT PLUS OF TEXAS INSURANCE
COMPANY

### NOTICE OF INITIAL DISMISSAL HEARING

Counsel or Pro Se Plaintiff:

This case is set for a hearing on the Initial Dismissal Docket, as per Tex. R. Civ. P. 165a, for **THURSDAY**, **July 14, 2016**, at 1:30 p.m. in the 193rd District Court Courtroom.

1.      If no Defendant has been served as evidenced by no return of citation having been filed with the court on or before the Dismissal Hearing, the case is subject to being dismissed at the Dismissal Hearing;

2.      If service has been made on a Defendant, but no answer has been filed (and any such answer is past due before the Dismissal Hearing Date), you must obtain a default judgment on or before the Dismissal Hearing, or the case is subject to being dismissed at the Dismissal Hearing.  You are encouraged to submit requests for default by submission with affidavit.

3.      If service on at least one Defendant has been made and the citation has been returned to the Court before the Dismissal Hearing, but the time to file an answer has not yet expired, then the Dismissal Hearing is hereby reset for the Friday four weeks following the initial date of the Dismissal Hearing (*i.e.* the date listed above).  (If this Friday falls on a holiday, the Dismissal Hearing is reset to the next Friday that is not a holiday.)  No further dismissal notice will be sent, and you are expected to obtain a default judgment before the reset date of the Dismissal Hearing, or the case is subject to being dismissed.

4.      If an answer is filed on or before the Dismissal Hearing, the case will be referred to the Court Coordinator to be set for trial, if not already set.

SIGNED this April 19, 2016

*Carl Ginsberg*

_____
The Honorable Carl Ginsberg
193rd Judicial District Court

FILED
DALLAS COUNTY
5/9/2016 9:47:56 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:16-cv-01331-N   Document 1-3   Filed 05/13/16   Page 27 of 29   PageID 40

**Exhibit 5**



ray.walker@figdav.com
214-939-2046

May 5, 2016

Via email: ssimpson@vinlaw.com
Susan Simpson
Vincent Serafino Geary Waddell Jenevein, P.C.
1601 Elm Street, Suite 4100
Dallas, TX 75201-3073

RE:   Cause No. DC-16-03737; *HealthSouth Rehabilitation Hospital of Beaumont, LLC
      and CMS Rehab of W.F., L.P. d/b/a HealthSouth Rehabilitation Hospital of
      Wichita Falls v. Care Improvement Plus of Texas Insurance Company;* Dallas
      County, 193rd District Court

Dear Susan:

This confirms our agreement to extend the deadline for Care Improvement Plus of
Texas Insurance Company to answer or otherwise respond to Plaintiffs' Original Petition
until June 8, 2016.  If I have accurately stated our agreement, please sign in the space
provided below.

Sincerely,

Raymond E. Walker

AGREED:

Susan Simpson
Attorney for Plaintiffs

REW/dl

---

**FIGARI + DAVENPORT**

oh: 214.939.2000      Figari + Davenport, LLP
fx: 214.939.2090      901 Main Street, Suite 3400
figdav.com            Dallas, Texas 75202-3776

FILED
DALLAS COUNTY
5/13/2016 1:34:48 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:16-cv-01331-N   Document 1-3   Filed 05/13/16   Page 28 of 29   PageID 41

**Exhibit 6**

CAUSE NO. DC-16-03737

| | | |
|---|---|---|
| HEALTHSOUTH REHABILITATION HOSPITAL OF BEAUMONT, LLC and CMS REHAB OF W.F., L.P. d/b/a HEALTHSOUTH REHABILITATION HOSPITAL OF WICHITA FALLS, | § § § § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | DALLAS COUNTY, TEXAS |
| v. | § § | |
| CARE IMPROVEMENT PLUS OF TEXAS INSURANCE COMPANY, | § § § | |
| Defendant. | § § | 193RD JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

Defendant files its original answer, and states:

1.      Subject to such admissions and stipulations as may be made at or before time of trial, Defendant denies generally and specially the material allegations in Plaintiffs' Original Petition, pursuant to Tex. R. Civ. P. 92, and demands strict proof thereof in accordance with the requirements of the laws of this state.

2.      Defendant requests the following relief:

(a)     That Plaintiffs take nothing by reason of their suit;

(b)     That Defendant be dismissed with its costs; and

(c)     That Defendant have such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Dated: May 13, 2016                    Respectfully submitted,


                                       By: /s/ Raymond E. Walker
                                           Andrew G. Jubinsky
                                           Texas Bar No. 11043000
                                           andy.jubinsky@figdav.com
                                           Raymond E. Walker
                                           Texas Bar No. 24037663
                                           ray.walker@figdav.com

                                       FIGARI + DAVENPORT, LLP
                                       901 Main Street, Suite 3400
                                       Dallas, Texas  75202
                                       Telephone: (214) 939-2000
                                       Facsimile: (214) 939-2090

                                       ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

   This is to certify that a true and correct copy of the foregoing document has been served on the parties listed below on May 13, 2016.

**Via efile.txcourts.gov:**
K. Mark Vincent
mvincent@vinlaw.com
Scott E. Hayes
shays@vinlaw.com
Susan Oliver Simpson
ssimpson@vinlaw.com
Vincent Serafino Geary Waddell Jenevein, P.C.
1601 Elm Street, Suite 4100
Dallas, Texas 75201-3073


                                       /s/ Raymond E. Walker
                                       Raymond E. Walker